UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YOUSEF M. AL-MASHNI,

                    Plaintiff,

       -against-                          3:17-CV-1221 (LEK/DEP)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

---

**DECISION AND ORDER**

## I.      INTRODUCTION

Pro se plaintiff Yousef M. Al-Mashni commenced this action on October 17, 2017, in New York Supreme Court, Broome County, against Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("SSA"). Dkt. No. 1-1 ("Complaint"). Plaintiff challenges SSA's adjustment of his benefits and seeks $5,000 in damages. Id. at 1–2. Defendant removed the case to this Court, Dkt. No. 1 ("Notice of Removal"), and filed a motion to dismiss for lack of subject matter jurisdiction, Dkt. No. 6 ("Motion"). Plaintiff did not respond. Docket. For the following reasons, the Motion is granted and the Complaint is dismissed.

## II.      LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter

jurisdiction is 'substantively identical' to the 12(b)(6) standard." <u>Berkovitz v. Vill. of S.</u>
<u>Blooming Grove</u>, No. 09-CV-291, 2010 WL 3528884, at *5 (S.D.N.Y. Sept. 3, 2010) (quoting
<u>Lerner v. Fleet Bank, N.A.</u>, 318 F.3d 113, 128 (2d Cir. 2003)). In considering a motion to
dismiss under Rule 12(b)(1), a court must accept as true all material factual allegations in the
complaint and draw all reasonable inferences in favor of the plaintiff. <u>Buday v. N.Y. Yankees</u>
<u>P'ship</u>, 486 F. App'x 894, 896 (2d Cir. 2012). However, the plaintiff bears the burden of
establishing that a court has subject matter jurisdiction by a preponderance of the evidence.
<u>Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.</u>, 697 F.3d 59, 65 (2d Cir. 2012);
<u>see also</u> <u>APWU v. Potter</u>, 343 F.3d 619, 623 (2d Cir. 2003) ("[J]urisdiction must be shown
affirmatively, and that showing is not made by drawing from the pleadings inferences favorable
to the party asserting it."). A court "may consider affidavits and other materials beyond the
pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay
statements contained in the affidavits." <u>J.S. ex rel. N.S. v. Attica Cent. Sch.</u>, 386 F.3d 107, 110
(2d Cir. 2004).

## III.    DISCUSSION

"Pursuant to 42 U.S.C. § 405(g), an individual must obtain a 'final decision of the
Commissioner' before a federal court can review Social Security benefit determinations."
<u>Iwachiw v. Massanari</u>, 125 F. App'x 330, 331 (2d Cir. 2000). Though the term "final decision"
is not defined in the Social Security Act, Defendant has promulgated extensive regulations that
impose a four-step administrative process in order to reach a "final decision."

> First, a claimant files an application for benefits and receives an
> initial determination. 20 C.F.R. § 404.902. Second, if a claimant is
> dissatisfied    with    the    initial    determination,    he    may    seek

> reconsideration by filing a written request within 60 days. 20 C.F.R.
> §§ 404.907, 404.909(a)(1). The reconsideration determination is
> binding unless a claimant requests a hearing before an administrative
> law judge ("ALJ") within 60 days of receiving notice of the
> reconsideration determination. 20 C.F.R. §§ 404.921(a),
> 404.933(b)(1). If the claimant is dissatisfied with the ALJ's hearing
> decision, he may request review by the Appeals Council within 60
> days of receiving notice of the hearing decision. 20 C.F.R.
> §§ 404.967, 404.968(a)(1).

Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 6 (2d Cir. 2011).

Plaintiff has not established that he satisfied these requirements prior to filing suit. The Complaint does not describe any of the steps that he did or did not take to exhaust his administrative remedies. In addition, Raymond Egan, SSA's Assistant Regional Commissioner for Management and Operations Support, attests that SSA reduced Plaintiff's benefits on May 30, 2017, which Plaintiff challenged on June 12, 2017. Dkt. No. 6-1 ("Egan Declaration") ¶¶ 4–5. SSA denied Plaintiff's request for reconsideration, id. ¶ 5, but Plaintiff did not appeal this determination to an ALJ, as required by 20 C.F.R. §§ 404.921(a), 404.933(b)(1). In turn, Plaintiff also has not received a determination from SSA's Appeals Council. Therefore, Defendant has not made a final decision with regard to Plaintiff's benefits, and the Complaint must be dismissed for lack of subject matter jurisdiction. See Iwachiw, 125 F. App'x at 331 ("Thus, because Iwachiw's appeal was not from a final decision of the Commissioner, the district court correctly concluded that it lacked jurisdiction to hear his suit.").

However, in light of Plaintiff's pro se status, the Court will provide thirty days within which he may file an amended complaint. Any amended complaint submitted by Plaintiff in response to this Decision and Order must set forth the steps that he took in order to exhaust his administrative remedies, or why the exhaustion requirement should be waived in this instance.

3

Plaintiff's amended complaint, which shall supersede and replace in its entirety the Complaint, must be a complete pleading which sets forth all of the claims that Plaintiff wants this Court to consider as a basis for awarding relief.

Plaintiff is advised that his failure to file an amended complaint within thirty days of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further order of the Court.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above **within thirty days** from the date of the filing of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff fails to file an amended complaint **within thirty days** from the filing date of this Decision and Order, the Clerk is directed to enter Judgment indicating that this action is dismissed without prejudice, without further order of this Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all of the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 13, 2018
          Albany, New York

Lawrence E. Kahn
U.S. District Judge